UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-60211-CR-ROSENBERG

UNITED STATES OF AMERICA

v.

GEORGE TOUSSAINT,

        Defendant.
_____/

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA (DE 48)**

**THIS MATTER** is before the Court on referral from United States District Judge Robin L. Rosenberg (DE 56). Before the Court is Defendant George Toussaint's motion to withdraw his guilty plea. (DE 48), wherein Defendant asserted that his counsel never reviewed the plea agreement with him and never advised him that he was an armed career criminal subject to a 15 year mandatory minimum. The Government filed a response to the motion (DE 55), and this Court conducted a hearing on March 23, 2015. The Defendant and his original attorney, Michael Matters, testified at the hearing.

For the reasons that follow, this Court **RECOMMENDS** that Defendant's Motion to withdraw guilty plea (DE 48) be **DENIED**.

**BACKGROUND**

On September 4, 2014, the defendant was indicted by a federal grand jury on charges of being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g), in Count One and possession with intent to distribute 28 grams or more of crack cocaine, in violation of Title 21, United States Code, Section 841(a)(1) in Count Two. (DE 15). The penalty

1

sheet attached to the Indictment stated that the maximum penalty for Count One was ten years' incarceration. (DE 15 at 5). Thereafter, plea negotiations were conducted between counsel for the defendant at the time, Michael Matters, and the government, which led to a plea agreement calling for the defendant to plead guilty to Count One.  The defendant also expressed an interest in cooperating with the government, and as a result, the defendant was interviewed by the Government on October 22, 2014, in the presence of counsel.

On October 28, 2014, following a plea colloquy between the Court and the defendant, the defendant pled guilty to Count One of the indictment.  (*See* DE 54, Transcript of Change of Plea Hearing).  The plea agreement (DE 29) that was signed, and initialed on each page, by the defendant on October 22nd set forth the minimum and maximum penalties that the defendant was facing as a result of his agreement to plead guilty.   Paragraph 4 of the agreement states:

> The defendant also understands and acknowledges that the Court must impose a minimum term of imprisonment of fifteen (15) years and may impose a statutory maximum term of imprisonment of life, followed by a term of supervised release of up to life, but which must be a minimum of at least five (5) years.

(DE 29-2).

When asked by the Court if he had received a copy of the indictment and fully discussed the charges against him with his attorney, the defendant advised that he had.

> THE COURT: Have you received a copy of the indictment pending against you -- that is, the written charges made against you in this case -- and have you fully discussed those charges, and the case in general, with your attorney?
>
> THE DEFENDANT: Yes, sir.

(DE 54, at 6.)

When asked if he had read the plea agreement and had an opportunity to review its terms with his attorney, the defendant responded that he had.

2

> THE COURT: Did you have an opportunity to read and discuss the plea agreement with your attorney, before you signed it?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And is that your signature, at the end of the plea agreement, on page seven?
>
> THE DEFENDANT: Yes, sir.
>
>  . . .
>
> THE COURT: Do you fully understand the terms of the plea agreement?
>
> THE DEFENDANT: Yes, sir.

(*Id.*)

The Court went over the specific penalties the defendant was facing if he pled guilty to Count One of the Indictment, including the fact that the Court would have to sentence the defendant to a minimum term of 15 years in prison.

> THE COURT: Do you understand that, pursuant to the plea agreement, paragraph one, you're agreeing to plead guilty to count one of the indictment, which charges you with knowingly possessing a firearm in and affecting interstate and foreign commerce, having previously been convicted of a felony, in violation of Title 18, United States Code, Section 922 (G)(1)?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand that, pursuant to paragraph four of the plea agreement, the Court must impose a mandatory minimum term of imprisonment of fifteen years and may impose a statutory maximum term of imprisonment of life, followed by a term of supervised release of up to life, but which must be a minimum of at least five years…?   Do you understand that?
>
> THE DEFENDANT: Yes, sir.

(*Id.* at 7-8.)

In paragraph four of the plea agreement it initially stated that the maximum fine was ten million dollars but that was corrected at the plea colloquy to be $250,000, and the change was initialed by the Defendant. (DE 54 at 15; DE 29)

The defendant was specifically asked whether he was satisfied with the services of his attorney, to which the defendant replied that he was.

> THE COURT: Are you fully satisfied with the counsel, representation and advice given to you in this case by your attorney?
>
> THE DEFENDANT: Yes, sir

(DE 54 at 6.)

The Court then questioned the voluntariness of the defendant's decision to plead guilty asking him:

> THE COURT: Does the plea agreement represent, in its entirety, any and all understandings you have with the Government?
>
> (No response.)
>
> THE COURT: Do you have any other understandings with the Government, other than what's in the plea agreement?
>
> THE DEFENDANT: No.
>
> THE COURT: Okay. Has anyone made any promises or assurances that are not in the plea agreement, to persuade you to accept it?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Has anyone threatened you, in any way, to persuade you to accept it?
>
> THE DEFENDANT: No, sir.

(*Id*. at 6-7.)

The Court also explained the applicability of the sentencing guidelines (*Id*. at 10-11), and advised the defendant of each of the rights he was giving up by pleading guilty. (*Id*. at 11-13.) After determining that the defendant had read, reviewed with his attorney and agreed to the stipulated factual basis, the Court asked the defendant to enter a plea, to which the defendant stated that he was guilty.

> THE COURT: Mr. Toussaint, how do you now plead to count one of the indictment which charges you with knowingly possessing a firearm in and affecting interstate foreign commerce, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, united States Code, Section 922 (G)(1); guilty or not guilty?
>
> THE DEFENDANT: Guilty

(*Id*. at 16-17.)

At that time, the Court adjudicated the defendant guilty.

> THE COURT: Very well.   It is the finding of the Court in the case of United States versus George Toussaint, Case Number 14-60211-Cr-Rosenberg/Hopkins, that the Defendant is fully competent and capable of entering an informed plea, that the Defendant is aware of the nature of the charges and the consequences of the plea, that the plea of guilty is a knowing and voluntary plea supported by an independent basis of fact containing each of the essential elements of the offense. The plea is therefore accepted and the Defendant is now adjudged guilty of that offense.

(*Id*. at 17.)

On January 8, 2015, during the sentencing hearing, the defendant began arguing with his attorney, and ultimately the Court allowed Mr. Matters to withdraw from the case, and agreed to appoint substitute counsel for the defendant.   The sentencing hearing was then continued until a later date.

Ultimately, Michael G. Smith was appointed to represent the defendant.   On February 6, 2015, the defendant, through his new counsel, filed a motion to withdraw guilty plea (DE 48).

## ANALYSIS

Prior to sentencing, the district court may allow withdrawal of a guilty plea for any fair and just reason. *See* Fed.R.Crim.P. 11(d)(2)(B). The court may consider the totality of the circumstances surrounding the plea. *United States v. Gonzalez-Mercado*, 808 F.2d 796, 798-99 (11th Cir.1987).

A decision on whether to permit withdrawal of a guilty plea should be guided by factors found in *United States v. Pressley*, 602 F.2d 709, 711 (5th Cir.1979): (1) whether close assistance of counsel was available; (2) whether the original plea was knowing and voluntary; and (3) whether judicial resources would be conserved. *See United States v. Stitzer*, 785 F.2d 1506, 1514 (11th Cir.1986), *cert. denied*, 479 U.S. 823, 107 S.Ct. 93, 93 L.Ed.2d 44 (1986). In addition, the court must consider whether the government would be prejudiced if the defendant were allowed to withdraw his plea. *United States v. Pease*, 240 F.3d 938, 941 (11th Cir. 2001), *United States v. Morrow*, 537 F.2d 120 (5th Cir. 1976), *cert. denied*, 430 U.S. 956, 97 S.Ct. 1602, 51 L.Ed.2d 806 (1977) (fairness to the Government a factor).

The Defendant testified that he couldn't recall the government advising him that he would be sentenced to a 15 year mandatory minimum unless he cooperated, that his attorney did not review the plea agreement with him and never discussed the Guidelines, and that when he expressed hesitation at his change of plea hearing his attorney told him to just go along. The Defendant also asserted that he was originally advised that his sentence would be 10 years to life.

(1) Whether close assistance of counsel was available:

The evidence overwhelmingly reflects that the Defendant's prior attorney reviewed the plea agreement with him and that he was well advised that he was subject to a 15 year mandatory minimum as an armed career criminal.

6

Prior counsel Michael Matters met with the defendant on the following dates prior to his change of plea on October 28, 2014:

- August 27, 2014;
- September 3, 2014;
- September 9, 2014;
- October 10, 2014;
- October 22, 2014 (potential cooperation debriefing);

Attorney Matters convincingly testified that he on multiple occasions advised the Defendant that he qualified as an Armed Career Criminal and thus was facing a mandatory minimum 15 years' incarceration and that the only way to avoid it was to cooperate. The Government also proffered that they also so advised the Defendant during their debriefing session on October 22, 2014. Indeed, the Defendant unconvincingly responded on cross that he could not recall whether the Government told him that. In addition, the Defendant inexplicably twice testified at the hearing that he had been advised that he was facing a sentence of ten years to life.

The transcript of the hearing (where Defendant was represented by attorney Matters) reflects that the Defendant was advised of the 15 year mandatory minimum, that he was fully satisfied with his attorney, that he had read and discussed the plea agreement with his attorney, that he fully understood the terms of the plea agreement, and that he had discussed how the Guidelines might apply to his case with his attorney. In addition the Defendant had signed the plea agreement and initialed each page. The transcript does not bear out the Defendant's assertion that he expressed hesitation but was told by his attorney to just go along. Indeed, the only time the Defendant hesitated to respond to the Court's questions was when he was asked: "Does the plea agreement represent, in its entirety, any and all understandings you have with the government?" (DE 54, at 6-7). When the Court did not receive an immediate response it re-phrased the question

and the Defendant immediately responded. There is no record of any other hesitation nor of any interruption to allow the Defendant to consult with his attorney.

Even if counsel advised the Defendant to accept the plea because it was in his best interest to do so, this does not amount to coercion. "All pleas of guilty are the result of some pressures or influences on the mind of the defendant." *Schnautz v. Beto*, 416 F.2d 214, 215 (5th Cir.1969).  A defendant cannot complain of coercion where his attorney, employing her best professional judgment, recommends that the defendant plead guilty. See *id.*; *Anderson v.Henderson*, 439 F.2d 711, 712 (5th Cir.1971); *United States v. Jones*, 392 F.2d 567, 569 (4th Cir.), *cert. denied*, 393 U.S. 882, 89 S.Ct. 186, 21 L.Ed.2d 156 (1968).

Clearly close assistance of counsel was available and the Defendant was well advised by the attorney, and the Court, of the sentence he was facing.

(2) Whether the original plea was knowing and voluntary:

In addition to the above-referenced colloquy during the change of plea hearing, the Defendant also testified that he discussed with his attorney and understood and agreed with everything in the factual proffer; that he understood the consequences of pleading guilty to a felony and the effect of doing so on his civil rights; that he understood he had a right to maintain his innocence and have the Government make its case before a jury, with his attendant rights; that he understood how sentencing would work and what appellate and forfeiture rights he was agreeing to waive. Thereafter, when asked how he wished to plead to Count 1 of the indictment, the defendant responded "Guilty."  The Court thereupon accepted the defendant's guilty plea, finding that he was "fully competent and capable of entering an informed plea," and that he was "aware of the nature of the charges and the consequences of the plea and that the guilty plea [was] a knowing and voluntary plea supported by an independent basis of fact…." (DE 54 at 17.)   It is

apparent that the plea was knowing and voluntary. *See United States v. Russell*, 776 F.2d 955, 959 (11th Cir.1985) (defendant needs to be advised of the consequences of the plea for it to be knowing and voluntary).

    (3) Whether judicial resources would be conserved:

While a trial in this case would not be lengthy, of course judicial resources would not be efficiently utilized if defendants were permitted to withdraw their pleas at their whim at sentencing. Indeed, a significant delay between the plea and the request to withdraw suggests a calculated effort to improve one's position instead of a "swift change of heart." *United States v. Rogers*, 848 F.2d 166, 168-69 (11th Cir.1988).

    (4) Whether the government would be prejudiced:

The government would have been in a better position to try this case at the time it was originally set for trial. The government's main witness in its case against the defendant is his accomplice, Christine Diaz. Following entry of defendant Toussaint's guilty plea, the government filed a motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 to reduce Diaz's sentence to reflect her substantial assistance and that motion was granted and Diaz's sentence was reduced. The government waited until Toussaint was adjudicated guilty before filing the Rule 35 motion on Diaz's behalf. If the defendant is now permitted to withdraw his guilty plea, there are no guarantees that Diaz will testify or that her testimony will not be affected by the fact that she has already received a sentencing reduction.

Moreover even in the absence of significant government prejudice and the expenditure of considerable judicial resources, permission to withdraw a plea is not appropriate when, as here, no credible reason has been proffered. *See United States v. Pitts*, 463 Fed.Appx. 831, 832-33 (11th Cir. 2012) ("When a defendant has received close assistance of counsel and pleaded guilty

9

knowingly and voluntarily, we have declined to give considerable weight or attention to the third and fourth factors.").

The Defendant should not be allowed to withdraw his guilty plea because he has not offered any reason that is "fair and just." *Kercheval v. United States*, 274 U.S. 220, 224, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927).

## RECOMMENDATION

In conclusion, this Court **RECOMMENDS** that Defendant's Motion to withdraw guilty plea (DE 48) be **DENIED.**

## NOTICE OF RIGHT TO OBJECT

Pursuant to Local Magistrate Rule 4(b), the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Robin L. Rosenberg within ***fourteen (14) business days***. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2); *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (*en banc*).

**DONE** and **SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 2nd day of April, 2015.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Robin L. Rosenberg
Counsel of Record